UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DARIUS KEITH RAINEY**<br>    **FED. REG. #13542-058** | **CIVIL ACTION NO.  2:11-CV-760** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **J.P. YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 on May 9, 2011, by petitioner Darius Keith Rainey.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) AND is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).

Petitioner names the Warden J.P. Young as his defendant herein.  In his petition, he alleges that the conviction imposed by the United States District Court for the Western District of North Carolina is void as he is actually innocent of using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c).  Petitioner also states that his trial counsel was ineffective as he failed to properly advise petitioner that the government did not have evidence that he actively employed a firearm during the underlying crime.  Thus, petitioner entered a plea of guilty which he claims was unintelligently and involuntarily made.  Further, petitioner alleges that he was prejudiced because his trial counsel did not advance these grounds on direct appeal.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On November 24, 2008, petitioner pled guilty to several counts of a multiple count indictment all relating to federal firearms violations.  On July 9, 1999, he was sentenced to 270 months BOP imprisonment, three years of supervised release, and assessed a fine.  The sentence included a two offense level enhancement based on a finding that petitioner was an armed career criminal.  Petitioner appealed the judgment of conviction and sentence, which was affirmed by the Fourth Circuit Court of Appeals on January 31, 2000.  *Certiorari* was denied by the United States Supreme Court on March 20, 2000.

Petitioner then filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, on March 20, 2001.  The motion was denied on September 12, 2002.  Petitioner appealed the denial to the Fourth Circuit Court of Appeals (Docket #02-7754) on November 19, 2002.  The appeal was dismissed on April 22, 2003.  On June 12, 2005, petitioner filed another section 2255 motion to vacate, set aside or correct sentence.  The motion was dismissed on July 11, 2005.  Petitioner appealed the denial to the Fourth Circuit Court of Appeals on December 1, 2007.  The appeal was dismissed on April 10, 2006.

On March 17, 2011, petitioner filed a letter seeking post-conviction relief from an enhanced federal sentence.  The letter was construed as a section 2255 motion to vacate, set aside or correct sentence.  The motion was dismissed on April 18, 2011.

Petitioner filed the instant writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on May 9, 2011.  His petition alleges actual innocence, ineffective assistance of counsel, conviction of a non-existent crime, and a defective sentence enhancement as an armed career criminal.

*Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. § 2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the *manner* in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the *legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks his incarceration, arguing errors with regard to his federal firearms convictions. Since petitioner is contesting errors occurring during trial or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a section 2255 Motion to Vacate.

Federal prisoners may use section 2241 to challenge the legality of their convictions or sentences *but only* if they satisfy the section 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to section 2241 if the section 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior section 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or

successive requirement, does not make section 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Consequently, he is unable to carry his burden of proving that his section 2241 petition falls under the savings clause of section 2255, and he may not avail himself of section 2241 relief in this case. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

*Recommendation*

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

    THUS DONE this 5th day of October, 2011.

                                              _____
                                                   KATHLEEN KAY
                                        UNITED STATES MAGISTRATE JUDGE